IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIN D. GREENE,

      Petitioner,                     No. 2:12-cv-1828 KJN P

      vs.

PEOPLE OF THE STATE OF CALIFORNIA,

      Respondent.                 ORDER

/

      Petitioner, a state prisoner proceeding without counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a). Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

////

////

1

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). Therefore, claims are not exhausted until the state court has ruled on them. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (state remedies not exhausted if direct appeal is pending); Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (state remedies not exhausted until state post-conviction proceedings are completed).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Although petitioner sought habeas relief through the California Supreme Court, petitioner affirmatively states that his direct appeal from the criminal conviction is presently pending in the California Court of Appeals, Third Appellate District, Case No. C068894. (Dkt. No. 1 at 18.) Thus, petitioner's conviction is not yet final, and state court remedies are still available to petitioner. Sherwood, 716 F.2d at 634 (requiring petitioner to await outcome of pending appeal before state remedies are exhausted, because that appeal may result in reversal of conviction on some other ground, thereby mooting federal question); see Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993) (per curiam) (assessing exhaustion at time of filing petition). Third District Court of Appeal records confirm that petitioner's direct appeal is pending.[2] Accordingly, the petition should be dismissed without prejudice.[3]

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Information on cases before the California appellate courts can be found at: http://appellatecases.courtinfo.ca.gov/.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the

1  Good cause appearing, IT IS HEREBY ORDERED that:

2  1. Petitioner is granted leave to proceed in forma pauperis;

3  2. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

3. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253

DATED: September 4, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gree1828.103

---

statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).